| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SYRELLE W. SHULTZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:14-CV-188 |
| § | |
| HERCULES OFFSHORE, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Syrelle W. Shultz's ("Shultz") Motion to Remand (#5), in which he argues that his claims under general maritime law and the Jones Act are not removable. Defendant Hercules Offshore, Inc. ("Hercules") counters that recent amendments contained in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 make Shultz's maritime claims removable, or, alternatively, that jurisdiction is provided by the Outer Continental Shelf Lands Act. Having considered the motion, the pleadings, the submissions of the parties, and the applicable law, the court is of the opinion that Shultz's motion should be granted in part.

I.  Background

Shultz, a motorman and crew member aboard the jack-up rig HERCULES 264,[1] allegedly tripped on the six-inch tall lip of a watertight door and fell on his knee. A few months later, he purportedly aggravated this injury while walking down some stairs on the HERCULES 264. He claims that his injuries "occurred as a proximate result of the unsafe and unseaworthy condition of the [HERCULES 264] and its appurtenances and equipment, and, in whole or in part, as a

---

[1] Hercules asserts that Shultz worked on the HERCULES 264, not the HERCULES 265 as alleged in Shultz's complaint. The court will refer to the vessel as the HERCULES 264 because Hercules has submitted uncontroverted evidence that Shultz worked aboard the HERCULES 264.

proximate result of negligence on the part of" Hercules, which owns and operates the HERCULES 264. He further avers that his injuries were severe, painful, and permanently disabling, requiring extensive treatment. He seeks between $100,000.00 and $500,000.00 in damages.

On March 5, 2014, Shultz sued Hercules in state court, alleging claims under general maritime law and the Jones Act. His petition states that the "incidents herein sued upon occurred upon the navigable waters of the Gulf of Mexico, and therefore the substantive law governing this action is the general maritime law of the United States." On March 31, 2014, Hercules removed this case to federal court, and Shultz moved for remand on April 7, 2014.

II. Analysis

Shultz argues that remand is improper because general maritime law claims are not removable unless some independent basis for the exercise of federal jurisdiction exists apart from federal question jurisdiction. This is because "even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases brought in state court." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 368 (1959), *superseded by statute on other grounds as stated by Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)). Indeed, the longstanding general rule has been that "there is no removal into admiralty." David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 37 TUL. MAR. L.J. 401, 407 (2013). Shultz stresses that, in this case, no independent basis for federal jurisdiction, such as diversity jurisdiction, is present.

Nevertheless, Hercules claims that the removal of a maritime claim based on this court's admiralty jurisdiction is permissible under the recently amended version of 28 U.S.C. § 1441. In the alternative, Hercules asserts that OCSLA provides an independent basis for the exercise of removal jurisdiction because Shultz's injuries occurred while he was working on a jack-up oil rig on the Outer Continental Shelf. *See* 43 U.S.C. § 1349(b)(1) (providing for jurisdiction over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals[] of the subsoil and seabed of the outer Continental Shelf . . . .").

    A.    <u>Jurisdiction under the OCSLA</u>

Hercules relies on federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1301 *et seq.*, as its basis for subject matter jurisdiction.

The OCSLA provides:

> The Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the [O]uter Continental Shelf and to all artificial islands, and all installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources therefrom, or any such installation or other device (other than a ship or vessel) for the purpose of transporting such resources, to the same extent as if the [O]uter Continental Shelf were an area of exclusive Federal jurisdiction located within a State . . . .

43 U.S.C. § 1333(a)(1). "The purpose of the [OCSLA] [is] to define a body of law applicable to the seabed, the subsoil, and the fixed structures . . . on the [O]uter Continental Shelf." *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969); *accord Barker*, 713 F.3d at 213; *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 784 (5th Cir. 2009), *cert. denied*, 560 U.S. 592 (2010). The act expressly grants subject matter jurisdiction to the federal courts over cases

and controversies "arising out of or in connection with . . . any operation conducted on the [O]uter Continental Shelf which involves exploration, development, or production of the minerals" from the Outer Continental Shelf. 43 U.S.C. § 1349(b)(1); *accord Texaco Exploration & Prod. v. AmClyde Engineered Prods. Co., Inc.*, 448 F.3d 760, 768 (5th Cir.), *cert. denied*, 549 U.S. 1053 (2006). For OCSLA to apply to an action, the plaintiff need not specifically assert any claims under OCSLA in the complaint; rather, OCSLA governs if the facts alleged within the complaint fall within the statutory grant of jurisdiction. *Barker*, 713 F.3d at 213; *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154-55 (5th Cir. 1996).

"District courts have original federal question jurisdiction of cases brought under OCSLA, and hence such cases can be removed to federal court under § 1441. *See* [*Barker*, 713 F.3d at 220-21]. This is true regardless of whether federal, state, or maritime law provides the substantive rule of decision in the case, and regardless of the citizenship of the parties. *Id*. at 220-22." *Landerman v. Tarpon Operating & Dev., LLC*, No. 14-381, 2014 WL 1763208, at *3 (E.D. La. May 1, 2014). In other words, even if maritime law claims brought in state court do not "arise under" a federal statute so as to permit removal under § 1441, they can be removed if they arise under OCSLA.

"To determine whether a plaintiff's claim arises under the OCSLA, 'the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the [outer continental shelf]; and (3) the plaintiff's injury would not have occurred but for his employment." *Landerman*, 2014 WL 1763208, at *3 (quoting *Barker*, 713 F.3d at 213).

4

The evidence adduced by Hercules, consisting of two incident reports about Shultz's alleged injuries and an affidavit, demonstrates that each of the three factors above is satisfied. The reports state that Shultz was serving as a motorman aboard the HERCULES 264 on the dates of his injuries, January 9, 2013, and May 19, 2013. At the time of the first injury, the HERCULES 264 was approximately fifty miles offshore and was engaged in well-testing, a component of oil exploration. On the date of the second injury, the HERCULES 264 was approximately twenty miles offshore and was performing routine drilling. According to the affidavit of Mark Brown, the Claims Manager for Hercules, the HERCULES 264 "was jacked up on the Outer Continental Shelf in the Gulf of Mexico and assisting in the exploration, development, production of minerals, and/or drilling operations to produce oil and gas" during both incidents.

The HERCULES 264 was a proper situs under OCSLA because it was "jacked up" at the times of Shultz's alleged injuries. *Barker*, 713 F.3d at 213 (holding that a jack up rig attached to the Outer Continental Shelf qualifies as an OCSLA situs). The evidence also shows that Shultz's employment was in furtherance of mineral development on the Outer Continental Shelf. *Id.* at 239. Lastly, Shultz's injuries would not have occurred but for his employment on the HERCULES 264. Thus, this suit arises under OCSLA and was properly removed pursuant to 28 U.S.C. §§ 1331 and 1441.

Because this matter was properly removed under OCSLA, the court will not examine whether general maritime claims are removable pursuant to § 1441 absent an independent basis for federal jurisdiction.

B.   Removal of Jones Act Claims

Shultz's Jones Act claim, however, should be severed and remanded to state court. The Jones Act, 46 U.S.C. §§ 30104-30105 (formerly 46 App. U.S.C. § 688), permits "[a] seaman injured in the course of employment" to sue his employer for negligence. 46 U.S.C. § 30104. The Jones Act is read to incorporate provisions of the Federal Employers' Liability Act (45 U.S.C. § 51 *et seq.*) that preclude removal of actions filed in state court. 46 U.S.C. § 30104 ("Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section."); 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad or its receivers or trustees . . . may not be removed to any district court of the United States."). Thus, Jones Act suits generally are not removable. *Holmes v. Atl. Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006).

Nevertheless, under § 1441, "a civil action that includes a claim arising under federal law and 'a claim that has been made nonremovable by statute' may be removed to federal court if the action would have been removable absent the latter claim." *Landerman*, 2014 WL 1763208, at *4 (quoting 28 U.S.C. § 1441(c)(1)); *accord Genusa v. Asbestos Corp. Ltd.*, ___ F. Supp. 2d ___, 2014 WL 1831190, at *8, (M.D. La. May 8, 2014). Section 1441 further provides that "after removal of such an action, 'the district court shall sever from the action all claims [made nonremovable by statute] and shall remand the severed claims to the State court from which the action was removed.'" *Landerman*, 2014 WL 1763208, at *4 (quoting 28 U.S.C. § 1441(c)(2)).

Hercules argues that this case is simply a general maritime case about the unseaworthiness of the HERCULES 264, not a true Jones Act case. Accordingly, Hercules asserts that "Plaintiff's case, for removal purposes, must be viewed as a general-maritime-law-governed unseaworthiness

6

claim." Notwithstanding this assertion, Hercules does not argue that Shultz's Jones Act claim is fraudulently pleaded. In any event, this case is removable under OSCLA without regard to the viability of Shultz's Jones Act claim, and thus an analysis of the validity of Shultz's maritime claims "would serve no purpose." *Landerman*, 2014 WL 1763208, at *5 (examining an identical legal scenario and concluding that a fraudulently pleaded Jones Act claim could not serve to frustrate the court's jurisdiction because OSCLA provided federal jurisdiction over plaintiff's general maritime law claims).

Because Jones Act claims are made nonremovable by § 1445(a), the provisions of § 1441(c)(2) require that they be severed and remanded. Therefore, Shultz's Jones Act claim will be severed and remanded to state court.

III. Conclusion

Shultz's Motion for Remand is GRANTED IN PART. The court grants his request for remand of his Jones Act claim but denies remand of his general maritime claims. The clerk of court is ordered to SEVER Shultz's Jones Act claim from this case and REMAND it to the 1st Judicial District Court of Jasper County, Texas.

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 15th day of May, 2014.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE